Civilian pay; voluntariness of resignation; liberty interest. —Plaintiff, a former staff physician in the Outpatient Service in the Veterans Administration (VA) hospital in Salem, Virginia, (Salem) charges his resignation from the hospital staff was involuntary and, hence, invalid. Plaintiff seeks restoration to his former position and back pay. Plaintiffs appointment to the hospital staff was made pursuant to 38 U.S.C. § 4114 (1976), was not to exceed three years, and carried no assurance of continued employment. Plaintiffs proficiency report, completed after his first year of employment at Salem, indicated his overall rating was unsatisfactory for a member of the hospital’s professional staff. Plaintiff was informed his appointment as a staff physician would be terminated. Plaintiff chose to resign. After plaintiff signed the resignation form, remarks were added as required by VA regulations. The remarks noted that plaintiff "resigned after receiving notice of a decision to separate him for failure to meet our expectations as a physician.” Within a month of his resignation, plaintiff made application for positions comparable to his previous position at approximately 12-15 facilities within the VA hospital system. His application was rejected in every instance. Several weeks after applying to the VA hospitals, plaintiff accepted a position as a staff physician at the Catawba Hospital in Virginia. Plaintiff argues that an employee must be given a meaningful opportunity to challenge an adverse action before his acceptance of it can be found to be voluntary. Plaintiff also asserts that defendant is estopped from contending plaintiffs resignation was voluntary since it was induced by intentional misstatements by the Salem hospital administrators that they would clear his record so as to enable him to obtain other comparable VA employment without difficulty. Alternatively, plaintiff sets forth a constitutional argument that his separation/resignation was effected in a manner viola-tive of his liberty interest protected by the fifth amend *563 ment. Plaintiff charges that the adverse remarks concerning his capabilities as a physician and the hospital’s decision to terminate him, which appear on the face of his resignation form, are not only stigmatizing in nature, but effectively foreclose him from future employment within the VA system, given the VA’s practice of circulating this information to any prospective VA employer. Plaintiff argues due process requires he be afforded a hearing or meaningful opportunity to clear his name and rebut the validity of the charges. On January 23, 1981 Trial Judge James F. Merow filed a recommended opinion concluding that plaintiffs resignation from the VA hospital in Salem was voluntary and that no basis for any back pay and restoration to duty had been established. Plaintiffs poor proficiency report, coupled with the controversy surrounding his diagnosis of a patient, more than adequately established an arguable basis for the threatened termination. Defendant is not estopped from arguing the volunta-riness of the resignation since there was no evidence that hospital administrators misrepresented the details involved in the resignation process. The trial judge also found plaintiff unable to establish any infringement of his liberty by the VA that would support a claim of violation of due process. Since the governmental remarks in issue were directed solely to plaintiffs competence and did not severely hamper his ability to secure future employment (plaintiff failed to establish that any of the VA hospitals to which he applied had requested or received the information), no liberty interest was implicated. On March 10, 1981 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case and dismissed the petition.